UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE:<br><br>MARIA M. VALLEJO,<br><br>Debtor. | BK CASE NO. 19-18996-AJC<br>CHAPTER 13 |

## MOTION TO COMPEL
## PRE-CONFIRMATION DISBURSEMENT TO SECURED CREDITOR

U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B ("**Creditor**"), by and through its undersigned attorney and files this Motion to Compel Preconfirmation Disbursements and hereby states:

### BACKGROUND

1. Final Judgment of Foreclosure was entered in favor of Creditor by virtue of a default under the note and mortgage secured by 18151 NE 31st Ct., Apartment 2005, Aventura, Florida 33160-2665.

### THE FIRST BANKRUPTCY

2. On December 28, 2017, Debtor filed the first bankruptcy under Case No.: 17-25418-LMI.

3. On May 29, 2018, after five-amended plans and five months, an Order Confirming Fifth Amended Chapter 13 Plan was finally entered.

4. On June 7, 2018, a Final Report of Loss Mitigation was filed showing no agreement with Creditor.

5. On February 22, 2019, an Order Granting Chapter 13 Trustee's Request to Dismiss Case for failure by Debtor to Remain Current in Plan Payment was entered with 180-days prejudice.

6. On July 5, 2019, Debtor filed his Chapter 13 bankruptcy- the **second bankruptcy pending** within the past year. The first case dismissed following failure to make plan payments.

7. On July 3, 2019, an Order Granting Debtor's Emergency Motion to Reopen Chapter 13 Case and Shorten Prejudice Period ("**Emergency Motion**") was entered. Debtor alleged in the Emergency Motion that Debtor would **cure and maintain Creditor's claim**.

THE CURRENT BANKRUPTCY

8. **SIX MONTHS AGO**, On July 5, 2019, Debtor filed the instant bankruptcy action.

9. On July 5, 2019, Debtor filed the Chapter 13 Plan (the "**First Plan**"). The First Plan purported to cure and maintain, however Debtor vastly underestimated arrearage owed to Creditor. On July 31, 2019, Creditor filed its Objection to the First Plan [D.E. 27].

10. On July 25, 2019, Trustee filed the Notice of Deficiency for Confirmation [D.E. 26] alerting Debtor to her deficiencies in plan confirmation.

11. On August 5, 2019, Trustee filed the Second Notice of Deficiency for Confirmation [D.E. 29] alerting Debtor to her deficiencies in plan confirmation.

12. On August 14, 2019, Trustee filed the Third Notice of Deficiency for Confirmation [D.E. 34] alerting Debtor to her deficiencies in plan confirmation.

13. On August 30, 2019, an Order Continuing Confirmation Hearing, Trustee's Objection to Exemptions and Making all Debtor Payments Non-Refundable (the "**Order Continuing**") was entered [D.E. 35]. The Order Continuing states ¶4, "as a condition for the continued confirmation hearing and delay of payments to creditors, all payments held by

2

the Chapter 13 Trustee shall be non-refundable and held in trust for the secured creditors as adequate protection, and in trust for priority and administrative creditors.

14. On <u>September 9, 2019</u>, Debtor filed the First Amended Chapter 13 Plan [D.E. 39] (the "**First Amended Plan**").  The First Amended Plan purported to cure and maintain, however Debtor vastly underestimated arrearage owed to Creditor.

15. On <u>September 16, 2019</u>, Creditor timely filed its Proof of Claim [Claim 5-1].

16. On <u>October 2, 2019</u>, Creditor filed its Amended Proof of Claim [Claim 5-2] (the "**Claim**") which shows the total debt at $212,062.59 and the arrearage as $53,764.32.  The Claim shows payments from 7/1/2019 through 8/1/2019 as $1,567.34 and payments effective 9/1/2019 as $1,353.51 per month.

17. On <u>September 17, 2019</u>, Trustee filed the Fourth Notice of Deficiency for Confirmation [D.E. 40] alerting Debtor to her deficiencies in plan confirmation.

18. On <u>October 10, 2019</u>, Debtor filed the Second Amended Chapter 13 Plan [D.E. 42] (the "**Second Amended Plan**").  The Second Amended Plan purported to cure and maintain, however Debtor vastly underestimated arrearage owed to Creditor.

19. On <u>October 15, 2019</u>, Creditor filed its Objection to the Second Amended Plan [D.E. 44] based on insufficient arrearage.

20. On <u>October 24, 2019</u>, Trustee filed the Fifth Notice of Deficiency for Confirmation [D.E. 45] alerting Debtor to her deficiencies in plan confirmation.

21. On <u>November 4, 2019</u>, the Trustee filed a Notice of Non-Compliance and Request for Entry of Dismissing Case Upon Denial of Confirmation of Plan [D.E. 46].

22. On November 5, 2019, an Order Granting Trustee's Request for Order Dismissing Case Upon Denial of Confirmation of Plan (the "**Dismissal Order**") was entered [D.E. 48] with **180-days prejudice**.

23. On December 19, 2019, Debtor filed an Emergency Motion to Reinstate Case ("**Motion to Reinstate**") [D.E. 51]. The Motion to Reinstate was filed **forty-four (44) days** *after* the Dismissal Order was entered.

24. Debtor's Motion to Reinstate was filed to cancel the judicial foreclosure sale scheduled for January 6, 2020.

25. On January 6, 2020, an Order Granting Debtor's Motion to Reinstate ("**Order Reinstating**") was entered requiring Debtor to **immediately deposit $24,344.67 with the Chapter 13 Trustee**. The Order Reinstating further requires all payments held by the Chapter 13 trustee to be non-refundable and held in trust for the secured creditors as adequate protection.

### REQUEST FOR PRE-CONFIRMATION DISBURSEMENT

26. Based on the excessive delay and draining of Creditor by Debtor through **two years of bankruptcy filings**, **7- plans** that still do not properly treat Creditor, **dismissals and reinstatements** and expensive carrying costs tantamount nothing more than Creditor abuse, Creditor is entitled to immediate vesting of all amounts held by Debtor's counsel and/or the Trustee to be turned over to it based on Creditor's Proof of Claim amount. Debtor should receive no benefit of the amount purported to be earmarked in this bankruptcy for her Creditors and **should not have any money paid into the Plan returned**.

27. Debtor has been allowed every opportunity to properly account for Creditors Proof of Claim, but has failed to file a Plan consistent with Creditors Proof of Claim.

4

28. In addition to funds held by Trustee, Creditor requests **immediate vesting** of payments held by Debtor's Attorney in the amount of $24,344.67 to be disbursed to Creditor **as soon as reasonably practicable based on the Trustee's payment cycle**. The funds should be disbursed to Creditor's on a pro rata basis less Trustee fees, to the secured, priority or administrative creditors, *using the figures in Creditors Proof of Claim* rather than Debtor's Chapter 13 Plan which grossly underpays Creditor.

29. Further, all future payments made by Debtor and received by the Chapter 13 Trustee should **immediately vest** and be disbursed to Creditor **as soon as reasonably practicable based on the Trustee's payment cycle**. The funds should be disbursed to Creditor's on a pro rata basis less Trustee fees, to the secured, priority or administrative creditors, *using the figures in Creditors Proof of Claim* rather than Debtor's Chapter 13 Plan which grossly underpays Creditor.

**WHEREFORE**, Creditor moves this Honorable Court to enter an Order: (i) granting this Motion; (ii) compelling the Chapter 13 Trustee to immediately disburse all pre-confirmation payments on Creditor's Claim to Creditor pursuant to Creditor's Claim; (iii) vesting ownership in Creditor of payments made to the Debtor's counsel and Trustee on Creditor's Claim; and (iv) for any further relief as is just and equitable.

/s/ *Allison D. Thompson*
Allison D. Thompson
Florida Bar No. 36981
athompson@solomonlaw.com
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **CREDITOR**

5

## Certificate of Service

I hereby certify that a true copy of the foregoing has been served either by CM/ECF transmission or standard first-class mail this 9th of January 2020, to the following:

| | |
|---|---|
| Maria M. Vallejo<br>18181 NE 31 Court, Apt. 1610<br>North Miami Beach, FL 33160<br>**Debtor** | Julio C. Marrero<br>3850 Bird Rd., PH 1<br>Coral Gables, FL 33146<br>**Attorney for Debtor** |
| Nancy K. Neidich<br>P. O. Box 279806<br>Miramar, FL 33027<br>**Trustee** | Office of the U.S. Trustee<br>51 S.W. 1st Ave., Suite 1204<br>Miami, FL 33130<br>**U.S. Trustee** |

/s/ *Allison D. Thompson*
Allison D. Thompson
**THE SOLOMON LAW GROUP, P.A.**

6

4823-6303-9664, v. 1