UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

MARIA M. VALLEJO                   Case Number: 19-18996 AJC
                                                                    Chapter 13
      Debtor.
_____/

**CREDITOR, BISCAYNE COVE CONDOMINIUM ASSOCIATION, INC.'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO REINSTATE**

Secured Creditor, **BISCAYNE COVE CONDOMINIUM ASSOCIATION, INC.** (the "Association"), by and through its undersigned attorney, hereby files this Response in Opposition to Debtor's Motion to Reinstate:

1. The instant bankruptcy is Debtor's second Chapter 13 Bankruptcy since 2017. Debtor's first Chapter 13, Case No. 17-25418, filed on December 28, 2017 and dismissed on February 22, 2019 for failure to remain current in plan payments.

2. On July 5, 2019, Debtor filed the instant Chapter 13 Voluntary Petition.

3. On November 5, 2019, this case was dismissed upon denial of confirmation of plan[1]. [DE 48].

4. This case was reinstated on an emergency basis on January 3, 2020 wherein the Debtor agreed to correct the deficiencies noted by the Trustee. [DE 56].

5. On March 23, 2020, this case was dismissed, once again, upon denial of confirmation of plan[2]. [DE 72].

---

[1] On October 24, 2019, the Trustee filed a Notice of Deficiency for Confirmation and Recommendation [DE 45] wherein the Debtor was advised (1) plan didn't fund (6-60); (2) acct. # failed to match POC 1 in Sect. IIIA-1; (3) Sect. IIIA-4 payment address didn't match POC 3; (4) US Bank payment address failed to match POC 5; (5) Obj/Conf to Cl#3, $, 5.2 (underpaid); and (6) Obj/Conf to DE #33 (not in plan).

[2] On February 19, 2020, the Trustee filed a Notice of Deficiency for Confirmation and Recommendation [DE 64] wherein the Debtor was to (1) explain the use of $6,000.00 per debtor's declaration, and (2) exempting property as homestead even though it was held by an LLC (LLC cannot be homestead), and to provide a current payoff.

Case Number: 19-18996 AJC
Opposition to Debtor's Motion to Reinstate

6. The Debtor filed the instant Emergency Motion to Reinstate Case on April 13, 2020 – 21 days following dismissal. [DE 76]. Debtor claims she complied with the Trustee's deficiency notice prior to the dismissal.

7. The Trustee's Response outlines the breadth of the remaining deficiencies[3] previously noticed. [DE 78].

8. Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure provide relief from judgments or orders of the bankruptcy court under certain circumstances. Rule 9023 of the Federal Rules of Bankruptcy Procedure – New Trials; Amendments of Judgments – incorporates Rule 59 of the Federal Rules of Civil Procedure. Although under Rule 59 a party may file a motion to alter or amend the order or judgment within a period of 28 days following the date of the entry of the order or judgment, Rule 9023 limits this time period to fourteen (14) days.

9. Rule 9024 of the Federal Rules of Bankruptcy Procedure – Relief from Judgment or Order – makes Rule 60 of the Federal Rules of Civil Procedure – Relief from a Judgment or Order – applicable in bankruptcy cases. Under Rule 60(c)(1) of the Federal Rules of Civil Procedure, a party may file a motion for relief from a judgment or order "within a reasonable time." The movant must plead and provide sufficient grounds to the court of one of the five specific grounds listed in Rule 60(b)(1)-(5)[4]. If the movant is unable to establish that one of these five grounds is applicable, the

---

[3] Trustee noted unresolved issues that: (1) 3AP fails to fund; (2) 3AP still has incorrect creditor address for SPS (POC#3) in Section III.A#4; (3) US Bank payment address failed to match POC 5 in section III.A#5; (4) 3AP has typographical errors.

[4] **Rule 60 of the Federal Rules of Civil Procedure provides in part: (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

movant may attempt to use the catchall provision of Rule 60(b)(6) by "demonstrat[ing] that the circumstances are sufficiently extraordinary to warrant relief." *Jeffus v. Ray*, Slip Copy, 2010 WL 179373 at *1 (11th Cir. 2010). Further, the movant must show that "absent such relief an 'extreme' and 'unexpected' hardship will result." *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)(quoting *United States v. Swift & Co.,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932)). Even then, "whether to grant relief is a matter for the … court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)(quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000).

10. This Court's Order dismissing this Chapter 13 Case was entered on March 23, 2020. Debtor's Emergency Motion was filed on April 13, 2020, which was beyond the fourteen (14) day time limit imposed by Rule 9023 for filing a motion to amend or alter a judgment or order; therefore, Rule 9023 is not available to the Debtor.

11. Since the Debtor filed her Motion within one month of this Court's Order dismissing his case, Rule 60 is applicable. The Debtor must establish that she is entitled to relief from the Order dismissing this case based on Rule 60(b). The Debtor's Motion fails to allege any ground for relief under 60(b)(1)-(6).

12. In this case, the Debtor has received the benefit of the automatic stay for 9 months and made only 5 monthly payments. In the Debtor's first case she received the benefit of the automatic

---

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.

stay for 15 months even though she only made 8 monthly payments. Of which, this Secured Creditor has only received $5,546.68 in the first case and $1,849.90 in the second case. Between those two cases the delinquency owed to this Secured Creditor doubled as monthly maintenance on both units continued to accrue at a rate of $1,483.33 per month:

**Unit 2005:**

POC Filed in First BKC:  $8,973.03

POC Filed in Second BKC:  $23,287.43

**Unit 1610:**

POC Filed in First BKC:  $23,425.47

POC Filed in Second BKC:  $46,462.29

In other words, not only has the Debtor not paid anything toward the arrears, but the Debtor has failed to remain current on regular ongoing maintenance either. The net result is a doubling effect of the amounts due as a result of the successive bankruptcy filings.

13. Debtor's actions do not appear to be in good faith. The bankruptcy filings appear calculated to deny Creditors the ability to pursue their State Court Remedies.

**Unit 1610:** Secured Creditor obtained a Final Judgment of Foreclosure in the amount of $23,270.38 on December 11, 2017, in a case styled *Biscayne Cove Condominium Association, Inc. v. Julio E. Ponce*, Miami-Dade County Case No. 17-3098-CA-11. Secured Creditor's case and resulting foreclosure sale was stayed as a result of the Debtor's First Bankruptcy case. Upon dismissal of the first case, the sale was reset and cancelled upon the filing of the second bankruptcy petition.

- Foreclosure Sale 1/16/18 – cancelled as a result of first bankruptcy case filed 12/17/2017

- Foreclosure Sale 7/8/19 – cancelled as a result of second bankruptcy case filed 7/5/2019

In addition, the first mortgagee filed suit to foreclose its mortgage four years ago in a case styled *U.S. Bank, N.A. v. Maria Del Rocio De Ponce*, *et al.,* Miami-Dade County Case No. 16-029854-CA-05. Upon denial of confirmation and dismissal of the second bankruptcy case the first mortgagee filed a notice of readiness on December 5, 2019. Upon reinstatement on January 3, 2020, the case was stayed once again and no trial order issued. Collectively, the first mortgagee is owed $372,958.53, Claim No. 3-1 and this creditor is owed $42,875.96 through the filing date of the petition, Claim No. 1. The fair market value of the property is no more than $171,941.00 according to Zillow.com.

**Unit 2005:** Secured Creditor is owed $23,287.43, Claim No. 2, as of the date of filing this current bankruptcy petition on Unit 2005. The first mortgagee of Unit 2005 obtained a final judgment of foreclosure on August 17, 2017 in the amount of $199,817.79, in a case styled *U.S. Bank, N.A. v. Maria M. Del Rocio De Ponce*, et al, Miami-Dade County Case No. 16-016970-CA-58. According to the first mortgagee's proof of claim they are now owed $212,092.59, Claim No. 5-1. The property is underwater. This property is worth $171,162.00. There have been three bank foreclosure sale cancellations as a result of Debtor's bankruptcy filings.

- Foreclosure Sale 1/3/18 – cancelled by first bankruptcy case filed 12/27/2017

- Foreclosure Sale 7/22/19 – cancelled by second bankruptcy case filed 7/5/2019

- Foreclosure Sale 1/6/2020 – cancelled by reinstatement of second bankruptcy case 1/3/2019

A Motion to Reset the first mortgagee's Foreclosure Sale is pending in state court.

14. Since Debtor's case had previously been dismissed for failure to correct deficiencies and she agreed to correct those deficiencies upon reinstatement, she knew failure to correct those

Case Number: 19-18996 AJC
Opposition to Debtor's Motion to Reinstate

deficiencies would result in her case being dismissed again.  Finally, the Debtor has not given the Court sufficient legal justification to vacate the dismissal.

**WHEREFORE,** Secured Creditor, BISCAYNE COVE CONDOMINIUM ASSOCIATION, INC., respectfully requests the Court enter an Order denying Debtor's Motion to Reinstate and entry of a 180-prejudice period and for any and all further relief as justice may require.

By: _/s / Candace C. Solis____
Candace C. Solis, Esq.
Florida Bar #88833

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by first class United States mail or by CM/ECF to: Julio C. Marrero, Esq., Attorney for Debtor Maria M. Vallejo, 3850 Bird Road, PH1, Coral Gables, FL   33146, Bankruptcy@marrerolawfirm.com, Nancy K. Neidich, Trustee, POB 279806, Miramar, FL   33027, e2c8f01@ch13herker.com, U.S. Trustee, Office of the US Trustee, 51 SW 1ST Ave., Suite 1204, Miami, FL   33130, USTPRegion21.MM.ECF@usdoj.gov, on this 17th day of April, 2020.

BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1700
Fort Lauderdale, Florida 33301
Phone: (954) 985-4102
Fax: (954) 987-5940
Primary: cofoservicemail@beckerlawyers.com


BY: _/s / Candace C. Solis_____
Candace C. Solis
Florida Bar #88833

ACTIVE: B03674/387384:12547825_1