UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

MARIA M. VALLEJO,

      Debtor.

BK CASE NO. 19-18996-AJC
CHAPTER 13

**CREDITOR'S RESPONSE IN OPPOSITION TO
EMERGENCY MOTION TO REINSTATE CHAPTER 13 CASE [D.E. 76]**

U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, ("**Creditor**"), by and through its undersigned attorney and files this response in opposition to the Emergency Motion to Reinstate Chapter 13 Case [D.E. 76] filed by Debtor, Maria M. Vallejo ("**Debtor**") on April 14, 2020 and hereby states:

**BACKGROUND**

1. Final Judgment of Foreclosure was entered in favor of Creditor by virtue of a default under the note and mortgage secured by 18151 NE 31st Ct., Apartment 2005, Aventura, Florida 33160-2665, which merged into the Final Judgment of Foreclosure.

2. On December 28, 2017, Debtor filed her **first bankruptcy** under Case No: 17-25418-LMI. This case was dismissed because Debtor failed to make plan payments.

3. On July 5, 2019, Debtor filed her Chapter 13 bankruptcy- the **second bankruptcy pending** within the past year. Debtor has not indicated how she will now be able to afford a plan payment that would satisfy Creditor's Claim.

4. On July 5, 2019, Debtor filed her Chapter 13 Plan (the "**First Plan**"). The First Plan purported to cure and maintain, however Debtor vastly underestimated arrearage owed to Creditor. On July 31, 2019, Creditor filed its Objection to the First Plan [D.E. 27].

5. On July 25, 2019, Trustee filed the Notice of Deficiency for Confirmation [D.E. 25] alerting Debtor to her deficiencies in plan confirmation.

6. On August 5, 2019, Trustee filed the Second Notice of Deficiency for Confirmation [D.E. 29] alerting Debtor to her deficiencies in plan confirmation.

7. On August 14, 2019, Trustee filed the Third Notice of Deficiency for Confirmation [D.E. 34] alerting Debtor to her deficiencies in plan confirmation.

8. On August 30, 2019, an Order Continuing Confirmation Hearing, Trustee's Objection to Exemptions and Making all Debtor Payments Non-Refundable (the "**Continuance Order**") was entered [D.E. 35]. Paragraph 4 of the Continuance Order states, "As a condition for the continued confirmation hearing and delay of payments to creditors, all payments held by the Chapter 13 Trustee shall be non-refundable and held in trust for the secured creditors as adequate protection, and in trust for priority and administrative creditors."

9. On September 9, 2019, Debtor filed the First Amended Chapter 13 Plan [D.E. 39] (the "**First Amended Plan**"). The First Amended Plan purported to cure and maintain, however Debtor vastly underestimated arrearage owed to Creditor.

10. On September 16, 2019, Creditor timely filed its Proof of Claim [Claim 5-1]. On October 2, 2019, Creditor filed its Amended Proof of Claim [Claim 5-2] ("**Creditor's Claim**"), which shows the total debt at $212,062.59 and the arrearage as $53,764.32. The Claim shows payments from July 1, 2019 through August 1, 2019 as $1,567.34, and payments effective as of September 1, 2019 as $1,353.51 per month.

11. On September 17, 2019, Trustee filed the Fourth Notice of Deficiency for Confirmation [D.E. 40] alerting Debtor to her deficiencies in plan confirmation.

12. On October 10, 2019, Debtor filed the Second Amended Chapter 13 Plan [D. E 42] (the "**Second Amended Plan**").  The Second Amended Plan purported to cure and maintain, however Debtor vastly underestimated the arrearage owed to Creditor.

13. On October 15, 2019, Creditor filed its Objection to the Second Amended Plan [D.E. 44] based on insufficient arrearage.

14. On October 24, 2019, Trustee filed the Fifth Notice of Deficiency for Confirmation [D.E. 45] alerting Debtor to her deficiencies in plan confirmation.

15. On November 4, 2019, the Trustee filed a Notice of Non-Compliance and Request for Entry of Dismissing Case Upon Denial of Confirmation of Plan [D.E. 46].

16. On November 5, 2019, an Order Granting Trustee's Request for Order Dismissing Case Upon Denial of Confirmation of Plan (the "**Previous Dismissal Order**") was entered [D.E. 48] with **180-days prejudice**.

17. On December 19, 2019, Debtor filed the Emergency Motion to Reinstate Case [D.E. 51] (the "**Previous Motion to Reinstate**").  The Previous Motion to Reinstate was filed **forty-four (44) days** *after* the Previous Dismissal Order was entered. Debtor's Previous Motion to Reinstate was filed to cancel the judicial foreclosure sale scheduled for January 6, 2020.  Debtor is seeking the complicity of the bankruptcy court to further the hinderance of the state court foreclosure case so that she can seek shelter in the bankruptcy without showing good faith in moving this case forward.

18. On January 3, 2020, the Order Reinstating Chapter 13 Case [D.E. 56] was entered ***over the Objection by Creditor***.

19. On January 15, 2020, Trustee filed the Sixth Notice of Deficiency for Confirmation [D.E. 61] alerting Debtor to her deficiencies in plan confirmation.

20. On February 19, 2020 Trustee filed the Seventh Notice of Deficiency for Confirmation [D.E. 64] alerting Debtor to her deficiencies in plan confirmation and an Amended Notice of Deficiency for Confirmation on February 24, 2020 [D.E. 65].

21. On March 4, 2020, the Trustee filed its Request for Entry of Order Dismissing Case Upon Denial of Confirmation for failure of Debtor to cure deficiencies [D.E. 68].

22. On March 10, 2020, Debtor filed the Third Amended Chapter 13 Plan [D.E. 70]. Debtor's Third Amended Plan *still* **DOES NOT** comport to Creditor's Claim.

23. On March 23, 2020, the Order Denying Confirmation and Dismissing Chapter 13 Case was entered by the Court [D.E. 72] (the "**Dismissal Order**").

24. On April 13, 2020, Debtor filed the Emergency Motion to Reinstate Case [D.E. 76] (the "**Motion to Reinstate**").

## OBJECTION TO MOTION TO REINSTATE CASE

25. The Motion to Reinstate is filed pursuant to 11 U.S.C. §362(c)(2)(b) and under Rule 59 of the Federal Rules of Civil Procedure and 9023 of the Federal Rules of Bankruptcy Procedure.

26. Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59, a party may file a motion to alter or amend the order or judgment within a period of 28 days following the entry of an order or judgment. Rule 9023 limits this time period to 14 days.

27. Debtor filed the Motion to Reinstate 21 days after the Dismissal Order and thus is *precluded* from moving under Rule 9023 as she is time-barred.

28. Debtor may tardily attempt to rely on Rule 60 to reinstate this case, however Debtor's Motion to Reinstate fails to allege any ground for relief under Rule 60(b).

4

29. Debtor alleges that she did not file a Motion to Reinstate earlier because she was out of the country and could not due to Covid 19. However, Debtor did not need to be present in the country to call her attorney and ask that the Motion to Reinstate be filed. Not all of our problems are based on the national pandemic.

30. Debtor's Motion to Reinstate alleges that Debtor has cured all delinquencies in the Trustee's Notice of Deficiencies for Confirmation- *however* Debtor still has not amended her plan to conform with Creditor's Claim and thus Debtor **HAS NOT** cured all deficiencies.

31. Debtor's Motion to Reinstate alleges that a foreclosure case is *already* moving forward. Creditor's foreclosure action has not yet moved forward following the March dismissal, however why shouldn't it?

32. Debtor was successful at delaying the bankruptcy for **nine** months without reaching confirmation. In that time, the Trustee issued **seven** notices of delinquency for confirmation, the Creditor reviewed and analyzed the **three** plans that failed to adequately address Creditor's Claim, and Debtor's case has been dismissed **twice**.

**WHEREFORE**, this Court should deny Debtor's Emergency Motion to Reinstate Case [D.E. 76], and grant such further relief as the Court deems appropriate.

/s/ *Allison D. Thompson*
Allison D. Thompson
Florida Bar No. 36981
athompson@solomonlaw.com
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **CREDITOR**

**Certificate of Service**

I hereby certify that a true copy of the foregoing has been served either by CM/ECF transmission or standard first-class mail this 20th of April, 2020, to the following:

Maria M. Vallejo
18181 NE 31 Court, Apt. 1610
North Miami Beach, FL 33160
**Debtor**

Julio C. Marrero
3850 Bird Rd., PH 1
Coral Gables, FL 33146
**Attorney for Debtor**

Nancy K. Neidich
P. O. Box 279806
Miramar, FL 33027
**Trustee**

Office of the U.S. Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130
**U.S. Trustee**

/s/ *Allison D. Thompson*
Allison D. Thompson
Florida Bar No. 36981
athompson@solomonlaw.com
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **CREDITOR**

4825-8381-5354, v.1